**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EDDIE MORENO,**

      **Plaintiff,**

                                  **Case Number: 8:20-cv-03100**

**v.**

**AIR TECH SERVICES OF PASCO, INC.,**

      **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Eddie Moreno, by and through his undersigned counsel, hereby brings this action against Defendant, Air Tech Services of Pasco, Inc., for the recovery of damages in the form of unpaid overtime wages owed to Plaintiff by Defendant. Plaintiff brings this action before the Court and against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff seeks to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs. In further support of Plaintiff's claim, Plaintiff states as follows:

Parties

1.      Plaintiff is a qualified male and resident of Florida and was employed by Defendant as a manual laborer and was hired to install air conditioning units.

2.      Plaintiff was hired by Defendant as a non-exempt, manual laborer who was paid $20.00 per hour by Defendant.

Jurisdiction

3.      Defendant is a domestic, for-profit air conditioning enterprise headquartered in Pasco County, Florida.

1

4.      Defendant provides air conditioning and air conditioning installation services throughout Pasco County, Florida and other surrounding counties in Central Florida.

5.      Plaintiff is a Florida resident who resides in Pasco County, Florida.

6.      Plaintiff was employed by Defendant in Pasco County, Florida.

7.      The events giving rise to this action occurred in Pasco County Florida.

8.      Jurisdiction and venue are proper in the Middle District of Florida – Tampa Division because Defendant is headquartered in the Middle District of Florida.

Factual Allegations

9.      Plaintiff was paid by Defendant as an hourly, non-exempt laborer.

10.      Plaintiff was paid on an hourly basis and not subject to any exemptions under the FLSA.

11.      Plaintiff was employed by Defendant from approximately August 3, 2019 until approximately October 12, 2020.

12.      During the entirety of Plaintiff's employment, Plaintiff regularly and routinely worked more than 40 hours in a single workweek.

13.      Plaintiff was not paid at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek for Defendant.

14.      Plaintiff was an hourly, non-exempt employee not subject to any exemptions or exceptions under the FLSA and was entitled to be paid premium wages for all hours worked beyond forty (40) in a single workweek.

15.      Plaintiff was engaged by Defendant to work as a laborer during the three (3) years prior to the initiation of this lawsuit.

16.     Defendant owns and operates an air conditioning company known as "Air Tech Services of Pasco, Inc."

17.     Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek and did not allow Plaintiff to properly record all of his hours worked.

18.     Defendant engaged in the illegal practice known as "time-shaving." Defendant acted by and through Plaintiff's manager and removed and/or adjusted Plaintiff's timesheets in an effort to record less than all hours worked by Plaintiffs.

19.     Defendant's time-shaving was done in order to avoid paying Plaintiff's overtime wages.

20.     Defendant engaged in time-shaving throughout the entirety of Plaintiff's employment. Defendant's illegal time-shaving practice affected each week of Plaintiff's employment.

21.     Plaintiff routinely worked more than 40 hours in a single workweek. However, many of Plaintiff's working hours were not properly recorded or removed from Plaintiff's timesheets by Defendant.

22.     Defendant failed to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single workweek.

23.     As a result, Plaintiff often performed work beyond 40 hours in a single workweek for which he was not properly compensated.

24.     Plaintiff worked for Defendant in Pasco County, Florida.

25.     Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff's overtime wages, even though Plaintiff's habitually worked up to 45 hours a week or more.

26.     Plaintiff was not always paid time and a half for all hours worked over forty in any given week.

27.     As of this date, Plaintiff have still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

28.     It is believed that there are similarly situated employees who were also not paid the full extent of their overtime at the correct rate of pay and who were also subject to the exact same unlawful pay practices, i.e. automatically deducting 30 minutes from Plaintiffs' timesheets each day for a "lunch break" despite the fact that Plaintiffs did not take a lunch break and worked during their "lunch breaks".

29.     Indeed, Defendant engaged in a practice known as "automatic lunch deductions." Defendant automatically deducted 30 minutes from Plaintiff's timesheets every day for lunch, regardless of whether Plaintiff actually took a lunch break.

30.     Plaintiff regularly and habitually worked through his lunch breaks but was not paid for that time because Defendant automatically deducted 30 minutes from his timesheets each day.

31.     Defendant was aware that Plaintiff worked during his lunch breaks but intentionally decided to illegally deduct 30 minutes from Plaintiff's timesheets.

32.     Defendant engaged in the practice of automatic lunch deductions in order to extract additional work from Plaintiff without compensating Plaintiff for the additional work.

33.     Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct in automatically deducting 30 minutes each day – despite the fact that Plaintiff did not take a "lunch break" - was a calculated attempt to extract additional work from Plaintiff to benefit Defendant.

34.     Defendant is a for profit corporation that operates and conducts business in, among others, Pasco County, Florida, and is therefore, within the jurisdiction of the Court.

35.     Defendant, at all relevant times to this complaint, was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).  Plaintiffs were individuals covered under the FLSA as they performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the air conditioning industry as Defendant operates as "Air Tech Services of Pasco, Inc."

36.     Plaintiff routinely traveled along highways and byways to install repair and air conditioning units at various locations for Defendant.

37.     Plaintiff routinely used products, tools, and materials that do not originate within the State of Florida.

38.     Plaintiff routinely delivered and installed equipment that originated out-of-state. Plaintiff received and collected the items that arrived from out-of-state and transported those items to Defendant's clients and customers in Florida.

39.     This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every hourly employee who worked for Defendant at any time within the past three (3) years.

40.     The Court has jurisdiction over Plaintiff's claims as all material events transpired in Pasco County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

41.     At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's

organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the air conditioning industry.  Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

42.     Defendant advertises its services online, regularly orders goods and materials from out of state vendors, and accepts and processes credit card payments from banks located outside of Florida.

43.     At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA.  This would include to doing hourly work as a laborer, without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiffs did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way.  Plaintiff did not implement legal compliance measures.

44.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for all hours worked during his employment.  Plaintiffs worked over 40 hours per nearly every week during their employment with Defendant. The off the clock work that Plaintiff were directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and those similarly situated premium wages. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other

documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours.  Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

45.     Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to him, true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

46.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36, above.

47.     Plaintiff, and those similarly situated to him, are/were entitled to be paid his regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty.

48.     During his employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours each week in which they were not paid at the correct rate of pay.

49.     In Plaintiff's case, he routinely performed labor, at Defendant's specific request for the sole benefit of Defendant, and was not paid for the hours he worked.

50.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, their correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

51.     As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of minimum wages, overtime wages, and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 29th day of December, 2020,

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com