# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EDDIE MORENO,**

     **Plaintiff,**

**v.**                          **Case No. 8:20-cv-3100-TPB-AAS**

**AIR TECH SERVICES OF
PASCO, INC.,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The parties jointly request that the court approve their proposed settlement of the Fair Labor Standards Act (FLSA) claims and dismiss this case with prejudice. (Doc. 21). After having a hearing on the parties' motion, the undersigned recommends the joint motion be **GRANTED**. At the hearing, the parties stated the parties do not anticipate objecting to this report and will likely file notices waiving the fourteen-day objection period so that an order may be entered and the case may be closed without further delay.

Eddie Moreno sued Air Tech Services of Pasco, Inc. (Air Tech) and requested the recovery of overtime wages in connection with his employment. (Doc. 1). To resolve the litigation, the parties agreed to a settlement, which they submitted for review. (Doc. 21, Ex. 1). Within the proposed settlement

agreement, Air Services agrees to pay to Mr. Moreno negotiated sums representing back overtime wages ($900.00) and liquidated damages ($900.00), and to pay to Mr. Moreno counsel a separately negotiated sum for attorneys' fees and costs in the amount of $4,500.00 (*Id.* at pp. 2–3).

In the Eleventh Circuit, the settlement must be approved by the district court who determines whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In discovery, Mr. Moreno received time records and pay stubs that determined Mr. Moreno's initial calculations of wages due under FLSA were inaccurate.[1] Thus, assisted by counsel, Mr. Moreno and Air Tech agreed to the presented settlement. Based on the representations by the parties in the motion and at the hearing, the undersigned finds the settlement agreement constitutes a fair and reasonable resolution of this dispute.

Within the parties' joint motion, Mr. Moreno will receive $200.00 in exchange for mutual general release of claims. (Doc. 21, ¶ 6). At the hearing, Air Tech explained that the $200.00 comes from a confidentiality agreement

---

[1] In the court interrogatories, Mr. Moreno requested $19,820 in overtime wages. (Doc. 16). However, that number stemmed from the wrong date range as clarified by counsel at the hearing. Although never specifically stated, Mr. Moreno's requested overtime wages would have been around $9,000 using the correct date range. But, according to plaintiff's counsel's representations at the hearing, discovery proved that initial demand to be too large as well.

signed by both parties. As with the settlement agreement, both parties had the advice and expertise of counsel.

Thus, it is **RECOMMENDED** that:

1. The parties' Joint Motion for Approval of Settlement Agreement (Doc. 21) be **GRANTED**.

2. The settlement agreement (Doc. 21, Ex. 1) be accepted, adopted, and approved by the court, and the parties be ordered to comply with the terms of the settlement agreements.

3. This action be **DISMISSED WITH PREJUDICE.**

4. The Clerk be directed to terminate all pending deadlines and to close the case.

**ENTERED** in Tampa, Florida on June 8, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.